# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0066V

| | |
|---|---|
| AMY SCHWALM,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 26, 2024 |

*Edward M. Kraus*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 5, 2021, Amy Schwalm filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine she received on November 5, 2019. Petition at 1. On March 21, 2024, I issued a ruling finding Petitioner entitled to compensation and decision awarding damages following briefing and expedited Motions Day argument by the parties. ECF No. 42.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $34,484.25 (representing $33,679.70 for fees and $804.55 for costs). Petitioner's Application for Attorneys' Fees, filed Sept. 3, 2024, ECF No. 49. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 49-4. Respondent filed no response.

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted.

I also note this case required additional briefing regarding the issues of entitlement and damages. *See* Petitioner's Motion for Ruling on the Record on Entitlement and an Award of Damages and Memorandum in Support, filed June 5, 2023, ECF No. 36; Petitioner's Reply Memorandum in Support of Her Motion for Ruling on the Record on Entitlement and An Award of Damages, filed Sept. 12, 2023, ECF No. 38; Minute Entry, dated Mar. 15, 2024 (for March 15, 2024 expedited hearing).. Petitioner's counsel expended approximately 12.2 hours drafting the entitlement and damages brief and 6.9 hours drafting the responsive entitlement and damages brief, totaling 19.1 hours. ECF No. 49 at 11. I find this time to have been reasonably incurred. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs.[3] ECF No. 49 at 25-49. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $34,484.25 (representing $33,679.70 for fees and $804.55 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Edward Kraus.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

                                              **s/Brian H. Corcoran**
                                              Brian H. Corcoran
                                              Chief Special Master

---

[3] I note that at least one expense is not included on Petitioner's overall list of attorney's costs, but it is included in the total and sufficient documentation has been provided. ECF No. 49 at 45-49.

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.